UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAC SOULE,
      Plaintiff,

-vs.-                            **DEMAND FOR JURY TRIAL**

JACOB LAW GROUP, PLLC,
a foreign limited liability company,
      Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Mac Soule through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

# JURISDICTION

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in Monroe County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is Jacob Law Group, PLLC which is a Mississippi limited liabilty company that maintains registered offices in Ingham County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Monroe County.

7. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Plaintiff had a credit account Sterling Jewelers which he used to purchase goods and/or services for personal, family or household purposes. Any resulting obligation to pay

money was a "debt" as the term is defined and/or used in the FDCPA, MCPA and MOC ("The Debt").

9.  Defendant claims that Plaintiff failed to pay the Debt in full.

10. Defendant has been calling Plaintiff on his cellular phone attempting to collect the Debt since June 2013. Plaintiff's cellular phone is xxx-xxx-7259.

11. Plaintiff uses his cellular phone for business purposes.

12. On or about October 20, 2013, Defendant called Plaintiff on his cellular phone. Plaintiff told Defendant not to call on that phone because he uses it for business purposes. However, Defendant continued to call Plaintiff on that phone.  Plaintiff never gave Defendant permission to call him on his cellular telephone and even if he had, this conversation terminated any such authority for Defendant to do so.

13. Defendant has called Plaintiff on this cellular phone that Plaintiff uses for business purposes about 5-6 times a day.

14. Plaintiff eventually struck a deal with the Defendant and started paying Defendant $30.00 a month toward the Debt.

15. The last time that Plaintiff made a $30 payment to Defendant was on or about November 15, 2013.

16. On or about November 26, 2013, Defendant called Mr. Soule and said that they cannot make a "real payment plan and settlement" without having Mr. Soule providing his checking account to Defendant. Plaintiff told Defendant that he did not have a checking account and he refused to provide Defendant with his wife's checking account. Defendant screamed at Plaintiff telling him how everyone has a checking account and how Plaintiff needed to give them checking account information.

17. On or about November 26, 2013, Plaintiff received a demand letter from a new collection agency called The Borland Law Firm, LLC regarding the Debt. This letter alleged that Plaintiff owed a balance of $7,140.67.

18. However, on or about November 26, 2013 at 2:05 p.m., Defendant called Plaintiff attempting to collect the Debt.

19. Plaintiff has not made any more payments on the Debt to Defendant because he is not sure to whom he should make the payment since two debt collectors are attempting to collect on the same alleged debt at the same time.

20. On or about December 7, 2013 Defendant called Plaintiff. During this conversation, Defendant screamed at Plaintiff. Defendant called Plaintiff a "fu**ing liar and a fu**ing thief."

21. On or about December 7, 2013, Defendant called Plaintiff's father. His name is Mac E. Soule and his number is (xxx) xxx-7958.  During this conversation, Defendant told Plaintiff's father that Plaintiff owed them money. Defendant also told Plaintiff's father that Plaintiff was a "thief and a fu**ing liar."

22. The last time that Defendant attempted to collect the Debt from Plaintiff was on or about December 30, 2013.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff reincorporates the preceding allegations by reference.

24. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

4

25. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

26. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

27. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692d(2) by swearing and cussing at the Plaintiff and his father in attempting to collect the Debt;

    b. 15 U.S.C. §1692c(b) by communicating with a third party to the Debt without having any permission from the Plaintiff to do so;

    c. 15 U.S.C. §1692e(7) by false representing that the Plaintiff has committed a crime and is a "thief" and a "liar."

28. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

29. Plaintiff incorporates the preceding allegations by reference.

30. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

31. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

32. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

a. MCL §339.915e by making inaccurate, misleading, untrue or deceptive statements to the Plaintiff when Defendant accused him of being a thief and a liar;

b. MCL §339.915n by using harassing, oppressive or abusive methods to collect a debt by continually calling the Plaintiff on his cellular telephone when Defendant was informed that this telephone was used for business and was instructed not to call Plaintiff on this telephone; and

c. MCL §339.915o by using profane and obscene language towards the Plaintiff;

33. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

34. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

35. Plaintiff incorporates the preceding allegations by reference.

36. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

37. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

38. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

a. MCL §445.252e by making inaccurate, misleading, untrue or deceptive statements to the Plaintiff when Defendant accused him of being a thief and a liar;

b. MCL §445.252n by using harassing, oppressive or abusive methods to collect a debt by continually calling the Plaintiff on his cellular telephone when Defendant

was informed that this telephone was used for business and was instructed not to call Plaintiff on this telephone; and

c.  MCL §445.252 o by using profane and obscene language towards the Plaintiff;

39. Plaintiff has suffered damages as a result of these violations of the MCPA.

40. These violations of the MCPA were willful.


## COUNT IV - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT.

41. Plaintiff reincorporates the preceding allegations by reference.

42. At all relevant times, Defendant, upon information and belief, was using an "automatic telephone dialing system" in connection with its offending contacts with the Plaintiff as that term is defined at 47 U.S.C. 227(a)(1).

43. At no time has the Defendant ever had an "established business relationship" with the Plaintiff as that term is defined at 47 U.S.C. 227(a)(2).

44. Plaintiff is a "consumer" for purposes of the FDCPA and the debt at issue is a consumer debt.

45. In violation of the proscription against contacting persons on cellular telephones, the Defendant made several contacts in contravention of 47 USC 227(b)(1)(iii).

46. These violations of this statute were all willful.

47. The Plaintiff has suffered damages as a result of these violations of the Telephone Consumer Protection Act at 47 U.S.C. 227(b)(3).

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

# DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a.  Actual damages.

b.  Statutory damages.

c.  Treble damages.

d.  Statutory costs and attorney fees.

Respectfully submitted,

February 7, 2014

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com